```
                   IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| THOMAS B. DUFFY, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 09-2978 (JBS/JS) |
| v. | |
| HOWARD E. FREED, et. al., | **OPINION** |
| Defendants. | |

APPEARANCES:

Thomas B. Duffy, Esq.
739 Bayview Dr.
Absecon, NJ 08201-1208
    Plaintiff, Pro Se

A. Michael Barker, Esq.
BARKER, SCOTT & GELFAND
Linwood Greene
210 New Road
Suite 12
Linwood, NJ 08221
    Counsel for Defendants Howard E. Freed, the City of Margate,
    the Galloway Township Municipal Court, and the Township of
    Galloway.

Richard L. Goldstein, Esq.
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, PA
Woodland Falls Corporate Park
200 Lake Drive East
Suite 300
Cherry Hill, NJ 08002
    Counsel for Defendants New Jersey Administrative Offices of
    the Courts, Vicinage I of the Superior Court of New Jersey,
    and the State of New Jersey

**SIMANDLE**, District Judge:

I. **INTRODUCTION**

    This disability discrimination matter is before the Court

on a motion to dismiss by Defendants Howard E. Freed, the City of Margate, the Galloway Township Municipal Court, and the Township of Galloway ("Municipal Defendants") [Docket Item 18], and a motion to dismiss by Defendants New Jersey Administrative Offices of the Courts, Vicinage I of the Superior Court of New Jersey, and the State of New Jersey ("State Defendants") [Docket Item 21]. Both motions were filed pursuant to Rule 12(c), Fed. R. Civ. P. Plaintiff, Thomas Duffy, a lawyer representing himself, opposes dismissal and moves for partial summary judgment and to amend the Complaint.[1]

## II. BACKGROUND

Plaintiff alleges that he was issued a speeding ticket, and that the municipal prosecutor, Mr. Freed, refused to offer him a plea deal in retaliation for Plaintiff's involvement in disability discrimination lawsuits against municipal court officials. (Compl. ¶¶ 1-4, 18.) Plaintiff maintains that both Mr. Freed and Mr. Freed's alleged employer, Galloway Township and the Galloway Municipal Court, thereby violated the Americans with

---

[1] Plaintiff faxed to the Court a request for a two-week extension to file opposition, which if granted would make his submission timely. The request purported to be copied to Defendants. The Court granted the extension by telephone call and instructed Mr. Duffy to confirm the extension by posting a letter on the electronic docket, which he never did, resulting in Defendants' confusion and argument that the brief was improperly late. Nevertheless, the Court will consider the brief because it granted the extension.

Disabilities Act (ADA), 42 U.S.C. § 12203, by refusing to offer the plea in retaliation for his ADA activities, and failing to adequately train Mr. Freed. (Compl. ¶¶ 8, 12.)

Plaintiff also alleges that the procedures promulgated by the Administrative Office of the Courts with respect to internal grievances about ADA violations are inadequate, confusing, and not followed. (Compl. ¶¶ 5-7.) Plaintiff alleges that the municipal judge to whom he was required to submit his grievance about Mr. Freed failed to initiate an internal investigation as required by the procedures, and that the judge had a conflict of interest. (Id.; ¶¶ 14-17.) Plaintiff contends that the Administrative Office of the Courts, the Galloway Township Municipal Court, Vicinage I of the Superior Court, and the State of New Jersey thereby violated the ADA by limiting his access to relief under the ADA and failing to adequately train judiciary employees to handle ADA complaints.[2]

### III. DISCUSSION

#### A. Standard of Review

Dismissal under Rule 12(c) is warranted when "accept[ing]

---

[2] Plaintiff also contends that this conduct violates the Rehabilitation Act, 29 U.S.C. § 794. That section applies the same non-discrimination standard as set forth in the ADA to entities receiving federal funding. Plaintiff concedes that this Count is "largely duplicative," (Compl. ¶ 46), and discusses both statutes throughout the Complaint and briefs as "the ADA."

all factual allegations as true and construe the complaint in the light most favorable to the plaintiff," Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008), the Complaint fails to present a plausible basis for relief (i.e. something more than the mere possibility of legal misconduct). See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1951 (2009); Spruill v. Gillis, 372 F.3d 218, 223 n.2 (3d Cir. 2004) (applying Rule 12(b)(6) standard to Rule 12(c) motion).

**B.   Retaliation Claims**

The anti-retaliation provision of the ADA prohibits any discrimination on the basis of an individual's opposition to ADA violations, § 12203(a), and interference, coercion, or intimidation with an individual in the exercise of any right granted by the ADA.  § 12203(b).  As explained below, Plaintiff's claim that Mr. Freed retaliated against him cannot be brought against Mr. Freed, and does not state a claim with respect to the municipal defendants.

1.   Prosecutorial Immunity

Since Plaintiff sued Mr. Freed is his personal capacity, and assuming such an action can be brought against an individual in his personal capacity, the Complaint must be dismissed with respect to Mr. Freed because of prosecutorial immunity.  "[A]

prosecutor's decision whether to dispose of a case by plea - because dependent on delicate judgments affecting the course of a prosecution - is protected by the doctrine of absolute prosecutorial immunity." Davis v. Grusemeyer, 996 F.2d 617, 629 (3d Cir. 1993) abrogated on other grounds by Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644 (3d Cir. 1998).

That Mr. Freed had an illicit or even criminal motive is irrelevant to his immunity so long as he was performing a prosecutorial function. See Rose v. Bartle, 871 F.2d 331, 347 n.12 (3d Cir. 1989); Jennings v. Shuman, 567 F.2d 1213, 1221-22 (3d Cir. 1977) ("[A] prosecutor is entitled to absolute immunity while performing his official duties as a officer of the court, even if, in the performance of those duties, he is motivated by a corrupt or illegal intention."). Even if framed as a decision not to recuse, the decision is still a prosecutorial function protected by immunity. Cf. Corliss v. O'Brien, 200 Fed. App'x 80, 83 (3d. Cir. 2006) (finding that a judge's decision not to recuse is an act of judicial authority protected by absolute immunity).

Plaintiff argues that because the ADA abrogates sovereign immunity in some circumstances, it therefore abrogates governmental function immunities, including prosecutorial immunity. Plaintiff's premise is correct, but the conclusion does not follow. The ADA does abrogate sovereign immunity, see

42 U.S.C. § 12202, at least insofar as it is within Congress's power to do so. See Tennessee v. Lane, 541 U.S. 509 (2004). But the ADA does not abrogate prosecutorial immunity. Governmental function immunity is not derived from sovereign immunity. Sovereign immunity affords states "the dignity that is consistent with their status as sovereign entities," and less abstractly, protects their treasuries. Fed. Mar. Comm'n, 535 U.S. at 760. A suit against a state official in his or her personal capacity does not threaten the state's dignity or treasure. But personal capacity suits can nevertheless undermine the rule of law by inducing officials "to act with an excess of caution or otherwise to skew their decisions in ways that result in less than full fidelity to the objective and independent criteria that ought to guide their conduct." Forrester v. White, 484 U.S. 219, 223 (1988). To protect government officials from undue influence, the doctrine of governmental function immunity has evolved in tandem with sovereign immunity.

Whereas sovereign immunity only applies to official capacity suits, governmental immunity only applies to personal capacity suits. See Kentucky v. Graham, 473 U.S. 159, 166-67 (1985). Congress can abrogate either immunity, but the decision to open state treasuries to private suits does not entail the decision to subject state officers to suit in their individual capacities. There is no reason to think that Congress intended to abrogate

governmental immunity with passage of the ADA.  See Duvall v. County of Kitsap, 260 F.3d 1124, 1133 (9th Cir. 2001) (distinguishing between sovereign and governmental immunity and applying governmental immunity to an ADA action);  Bartell v. Lohiser, 215 F.3d 550, 556 (6th Cir. 2000); Allison v. Department of Corrections, 94 F.3d 494, 497-98 (8th Cir. 1996); Torcasio v. Murray, 57 F.3d 1340, 1343 (4th Cir. 1995); McGregor v. Louisiana State Univ. Bd. of Spvrs., 3 F.3d 850, 862 (5th Cir. 1993); P.C. v. McLaughlin, 913 F.2d 1033, 1038-41 (2d Cir. 1990);  Moran v. Connecticut Dept. of Public Health and Addition Services, 954 F. Supp. 484, 490 n.7 (D. Conn. 1997).

Plaintiff's other arguments with respect to prosecutorial immunity, that the prosecutor was not acting in his prosecutorial capacity when he refused to offer the plea and that the prosecutor had no jurisdiction to decide the plea offer, are incorrect.  Indeed, these arguments are frivolous.  The decision to offer a plea or to recuse are acts well within the prosecutorial power, and allegations of illicit motivations do not transform the act into one outside the scope of the office. Davis, 996 F.2d at 629.  Cf. Corliss, 200 Fed. App'x at 83.

### 2. Failure to Train and Municipal Liability

Plaintiff argues that even if the prosecutor is immune, the public entities employing him are responsible for his

retaliation.

The Municipal Defendants make the same error as Plaintiff in conflating sovereign and governmental immunity when they argue that absolute immunity provided to Mr. Freed therefore insulates those Defendants whom Plaintiff alleges failed to train Mr. Freed.  Personal immunities do not apply to government entities, and the Supreme Court's holding in Van de Kamp v. Goldstein, 129 S.Ct. 855 (2009) (holding that absolute immunity extends to individuals involved in supervision, training, or information-system management that is intimately tied to the prosecutorial role), is not to the contrary.  Defendants also provide no reason why Mr. Freed's personal immunity would categorically prevent liability from being imposed on another entity for his conduct.  See Picariello v. Fenton, 491 F. Supp. 1026, 1040 (M.D. Pa. 1980) (citing Restatement (Second) of Agency § 217 (1958)) (noting that a principal may be held liable for the conduct of his immune agent).

However, the Municipal Defendants correctly argue that Galloway Township and Court are not the entities responsible for Mr. Freed.  See Wright v. Borough of Buena, Civil Action No. 05-4782 (FLW), 2006 WL 1644869, *5 (D.N.J. June 12, 2006) (holding that New Jersey townships have no control over municipal prosecutors); N.J. Stat. Ann. § 2B:25-10 (providing for State training of municipal prosecutors); Wright v. State, 169 N.J.

422, 461 (2001) (discussing status of county prosecutors as agents of the State of New Jersey); Kershenblatt v. Kozmor, 624 A.2d 1042, 1047 (N.J. Super. Ct. L. Div 1993) ("The powers and duties of the municipal prosecutor are derived from the State of New Jersey through the county prosecutor. They are not powers and duties inherent in the municipality, nor are they appropriate to any of the departments of the municipality".).  Thus, even if a failure to train claim is actionable under the ADA, and even if no more needs to be pled than that retaliation could have been prevented with further training (dubious, though unraised propositions), the Complaint would still fail to state a claim as against the Municipal Defendants.  Similarly, since municipal prosecutors act as agents of the state rather than the city, these municipal entities cannot be held liable as the public entities responsible for Mr. Freed's alleged conduct in retaliating against Mr. Duffy.

The Complaint also fails to state a claim against the City of Margate.  Other than conclusory allegations of a conspiracy, the Court is unable to discern Plaintiff's theory of liability with respect to the City of Margate, as Plaintiff's references to the conduct of that entity seem only to refer to the conduct for which he was allegedly retaliated against.  Because the grounds for Plaintiff's theory are not apparent to the Court, the Complaint fails to give sufficient notice to the City of Margate

"of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).[3]

### C. Failure to Follow Internal Procedures

Plaintiff's remaining claims against the Municipal Defendants and the State Defendants relate to the allegedly confusing, mismanaged, and improperly implemented internal ADA complaint process, including the failure to investigate his ADA Complaint. As explained below, allegations of problems with internal Title II complaint procedures do not state a claim under the ADA.

In order to bring state and local government services into compliance with the ADA, the Department of Justice promulgated regulations to set up an internal grievance processes within local and state agencies. 28 C.F.R. § 35.107(a). The regulations require the designation of an employee to act as a coordinator of compliance efforts, including any investigation of complaints. 28 C.F.R. § 35.107(a). The entity must also "adopt and publish grievance procedures providing for prompt and equitable resolution of complaints alleging any action that would be prohibited by this part." § 35.107(b). Although exhausting

---

[3] Plaintiff attempts in his opposition brief to add additional factual allegations to his claim against Margate, but the question on this motion is whether the pleadings are adequate to entitle Defendant to judgment.

these procedures is required for a party aggrieved under the other sections of the ADA, a Title II (public entities) claimant need not exhaust his administrative remedies before filing suit. See, e.g., Saylor v. Ridge, 989 F. Supp. 680, 685 (E.D. Pa. 1998).

The failure of a Title II public entity to adequately implement or abide by internal complaint procedures does not itself state an ADA claim, because the statute does not require these procedures.  Cf. Wood v. Town of Falmouth, 419 F. Supp. 2d 3, 6 (D. Mass. 2006) (denying the availability of a private right of action to enforce the self-evaluation regulations); Ross v. City of Gatlinburg, Tenn., 327 F. Supp. 2d 834, 844 (E.D. Tenn. 2003) (same).  If at any time Plaintiff was dissatisfied with Defendants' grievance procedures, Plaintiff was free to file a formal legal complaint in either state or federal court, and indeed eventually did so in this action.  Whether Defendants followed their internal grievance procedures did not affect Plaintiff's ability to seek relief under the right of private action provided by the ADA, and therefore did not interfere with his exercise of ADA rights.  See McMackins v. Elk Grove Unified School Dist., 21 F. Supp. 2d 1201 (E.D. Cal. 1998) (holding that failure to comply with internal administrative regulations implementing the ADA does not state a claim under the ADA). Although Plaintiff asserts that public entities have a legal

11

obligation under the ADA to launch an investigation into any complaint of a violation of Title II, Plaintiff cites no language of the ADA and the Court finds no support for this proposition in the statute.  The public entity's obligation is to not discriminate.  Such entities make additional efforts to resolve any potential discrimination by implementing proactive internal procedures according to the Department of Justice regulations, but the adequacy of these procedures is not itself an ADA concern.

Even if there were a private right of action to enforce the regulations regarding internal grievance procedures, Plaintiff has only alleged that the entities failed to follow their own procedures, not that they failed to follow the federal regulation, § 35.107(b), in setting up an internal system. Moreover, Plaintiff cannot plausibly allege an injury from the failure to follow these procedures since he could have filed a state or federal action at any time to obtain the relief he seeks.  See Crocker v. Lewiston Police Dept., No. 00-13-PC, 2001 WL 114977, *9 (D. Me. February 09, 2001) (not reaching question of whether there is a private right of action to enforce internal procedures since there was no injury alleged as consequence of a failure to follow the procedures).

### D.  Motion for Partial Summary Judgment and to Amend

12

Plaintiff characterizes his opposition to the motion to dismiss as also being a motion for partial summary judgment as to the same issues.  In the same filings, he also seeks to amend the Complaint to add a § 1983 claim against Mr. Freed, a claim pursuant to the New Jersey Law Against Discrimination (NJLAD), N.J. Stat. Ann. 10:5-1, based on the same conduct as his ADA count, and explicitly seeks his earlier implicit declaratory relief.  Official notices of these motions were not filed until over two months after his opposition, and these motions were never responded to.

The motion for partial summary judgment will be denied, as the grounds upon which it rests are the same arguments rejected in this opinion.

The motion to amend will also be denied because it is futile.  Mr. Freed is protected by prosecutorial immunity from the § 1983 count for the same reasons that he is protected from the ADA count.  The claim pursuant to the NJLAD, which is premised on the failure to provide adequate notice about NJLAD protections and NJLAD procedures, is not supported by any factual allegations.  Neither the original Complaint nor the proposed Amended Complaint makes any mention of any NJLAD procedures aside from the conclusory statements that the municipal court's NJLAD procedures were inadequate.  Conclusory allegations, unsupported by a plausible basis, may be disregarded in determining the adequacy of a pleading.  See Bell Atl. Corp. v. Twombly, 550 U.S.

544, 555 (2007); <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1951 (2009).

**IV. CONCLUSION**

In summary, Mr. Freed is protected by prosecutorial immunity.  Galloway Township and the Galloway Municipal Court are not responsible for Mr. Freed's prosecutorial conduct.  Plaintiff's other claims regarding the failure of internal ADA procedures do not state a claim under the ADA or 29 U.S.C. § 794 of the Rehabilitation Act.  Plaintiff's motion for partial summary judgment will be denied for the same reasons, and the motion to amend the Complaint will be denied as futile.  The accompanying Order will be entered.


**September 17, 2010**             **s/ Jerome B. Simandle**
Date                               JEROME B. SIMANDLE
                                   United States District Judge